UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PRISCILLA DICKMAN,
    Plaintiff,

    V.

FELICIANO DIAS, KAREN
DUFFY-WALLACE, MARGARET
SWETS, BRIAN EATON, JOAN
MAZZONE, GARY LOOMIS, IRENE
KOWALSKI, THOMAS K. JONES,
MICHAEL MORRISSEY, and
UNIVERSITY OF CONNECTICUT
HEALTH CENTER,
    Defendants.

Dkt #  3:08-cv-588 (VLB)

July 8, 2009

## AMENDED COMPLAINT

1. Ms. Priscilla Dickman was retaliated against after she exercised her rights under the First Amendment to the United States Constitution, she was discriminated against in violation of the Americans with Disabilities Act, was denied the equal protection of the law, and was subjected to the torts of malicious prosecution, intentional and negligent infliction of emotional distress, abuse of process and defamation.

2. Jurisdiction lies pursuant to 42 U.S.C. Section 1983; the First and Fourteenth Amendments to the Unites States Constitution, The Americans with Disabilities Act, 42 U.S.C. Section 12101 *et seq*; Section 504 of the Rehabilitation Act; and 28 U.S.C. Sections 1331, 1343, and 1367(a).

3. Ms. Dickman has received a release of jurisdiction from the Connecticut Commission on Human Rights and Opportunities and a right to sue letter from the Equal Employment Opportunity Commission.

4. PRISCILLA DICKMAN is a female, over the age of forty, residing in Coventry, Connecticut, suffering from a recognized disability, who was employed by the University of Connecticut Health Center (hereinafter "UCHC") from 1978 to 2005.

5. FELICIANO DIAS was at all times relevant to this action employed at UCHC as a supervisor, engaged in acts of retaliation against plaintiff, acts constituting the torts of malicious prosecution, intentional and negligent infliction of emotional distress, abuse of process, and defamation, and was involved in the discriminatory treatment under the Americans with Disabilities Act (ADA). Mr. Dias is named in his individual capacity.

6. KAREN DUFFY-WALLACE was at all times relevant a labor relations attorney with UCHC who engaged in acts of retaliation against Plaintiff, acts constituting the torts of malicious prosecution, intentional and negligent infliction of emotional distress, abuse of process, and defamation, and was involved in the discriminatory treatment under the Americans with Disabilities Act (ADA). Ms. Duffy-Wallace is named in her individual capacity.

7. MARGARET SWETS was at all times relevant an employee in the Human Resources Department of UCHC who engaged in acts of retaliation against Plaintiff, acts constituting the torts of malicious prosecution, intentional and negligent infliction of emotional distress, abuse of process, and defamation, and was involved in the discriminatory treatment under the Americans with Disabilities Act (ADA). Ms. Swets is named in her individual capacity.

8. IRENE KOWALSKI was at all times relevant a lab manager at UCHC who engaged in acts of retaliation against Plaintiff, acts constituting the torts of malicious prosecution, intentional and negligent infliction of emotional distress, abuse of process, and defamation, and was involved in the discriminatory treatment under the Americans with Disabilities Act (ADA). Ms. Kowalski is named in her individual capacity.

9. GARY LOOMIS was at all times relevant employed at UCHC in a security capacity who engaged in acts of retaliation against Plaintiff as well as acts constituting the torts of malicious prosecution, intentional and negligent infliction of emotional distress, abuse of process, and defamation. Mr. Loomis is named in his individual capacity.

10. BRIAN EATON was at all times relevant employed at UCHC in a worker's compensation capacity and then as VP of Human Resources who engaged in acts of retaliation against Plaintiff as well as acts constituting the torts of malicious prosecution, intentional and negligent infliction of emotional distress, abuse of process, and defamation. Mr. Eaton is named in his individual capacity.

11. JOAN MAZZONE was at all times relevant employed at UCHC as VP for Human Resources, who has since retired, but who engaged in acts of retaliation against Plaintiff as well as acts constituting the torts of malicious prosecution, intentional and negligent infliction of emotional distress, abuse of process, and defamation. Ms. Mazzone is named in her individual capacity.

12. THOMAS K. JONES was at all times relevant an Ethics Enforcement Officer for the Connecticut Office of State Ethics who has engaged in the selective prosecution of plaintiff and a pattern of conduct designed to deny plaintiff the equal protection of the law. Mr. Jones is named in his individual capacity.

13. MICHAEL MORRISSEY was at all times relevant an investigator for the Connecticut Office of State Ethics who has engaged in the selective prosecution of plaintiff as well as pattern of conduct designed to deny plaintiff the equal protection of the law, and engaged in the tort of defamation. Mr. Morrissey is named in his individual capacity.

14. The UNIVERSITY OF CONECTICUT HEALTH CENTER was at all times relevant engaged in an industry affecting commerce, employed more than fifteen individuals, received federal funds, and is subject to suit under C.G.S.A. Section 31-51q.

15. Paragraphs one through twelve (14) are adopted as if fully stated herein.

16. Ms. Dickman was injured at her place of work in 1979 and suffered a disability as a result of such injury.

17. From that point on, in varying degrees over the ensuing years, Ms. Dickman required accommodations in regard to her employment duties and obligations.

18. Ms. Dickman was also a union official during her tenure at UCHC and represented many individuals in proceedings brought by UCHC.

19. In 2004, defendants Dias, Swets, and Kowalski intentionally and maliciously disputed and questioned plaintiff's disability and began a course of discrimination against her, in part by failing to accommodate plaintiff's disability and questioning her doctor's diagnosis, prognosis and directions.

20. In January 2005, Plaintiff fell at work but did not file a worker's compensation claim.

21. Immediately thereafter, defendants Dias, Kowalski, and Swets redoubled there discriminatory actions against plaintiff in regard to her disability when they unlawfully contacted plaintiff's doctors and engaged in a course of conduct meant to intimidate and harass plaintiff.

22. For example,

   i. the defendants questioned and ignored the plaintiff's doctor's order that plaintiff not work at a plating machine for more than eight hours per week;

   ii. the defendant's failed to provide plaintiff a work station where she would not have to life and lug heavy machinery;

   iii. the defendants failed to provide ergonomic accommodations in accord with doctor's orders;

   iv. the defendants questioned whether plaintiff needed accommodations;

   v. the defendants failed to properly process worker's compensation paperwork;

   vi. the defendants withheld payments from plaintiff.

23. Dias told plaintiff that she should retire.

24. Eaton stated that he had never seen anyone "drag out" a back injury for so long and that a warrant for plaintiff's arrest was forthcoming.

25. In April 2005, plaintiff could no longer work as the failure to accommodate and retaliation was such that Plaintiff was constructively forced to retired from UCHC in April 2005, effective November 2005.

26. In August, 2005 plaintiff filed a discrimination complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO).

27. Shortly thereafter the retaliation against plaintiff began in earnest, perpetuated by, among others, defendants Duffy-Wallace, Loomis, Eaton, and Mazzone.

28. For example:

    i.      Defendant Loomis duped plaintiff's doctor into signing an affidavit unjustly accusing plaintiff of fraud and/or forgery. The doctor has since corrected the manipulation and stated that plaintiff did not engage in any fraud and/or forgery;

    ii.     Duffy-Wallace, Eaton, Mazzone, Kowalski, and Swets, personally or through their agents and/or representatives, contacted the Chief State's Attorney Office to falsely report that plaintiff had committed worker's compensation fraud;

    iii.    The report was made to the authorities despite the fact that plaintiff was awarded worker's compensation retirement benefits by stipulation;

    iv.    Kowalski stated that UCHC would not longer accommodate plaintiff.

29. The retaliation continued when in March, 2007 Plaintiff was arrested and charged with various counts of fraud relating to worker's compensation.

30. The fraud charges are pending in Hartford criminal court under docket number H14H-CR07-0609403-S.

31. About December, 2007 the defendants false allegations caused the Office of State Ethics to filed charges against Plaintiff alleging that she engaged in a private business while working at UCHC.

32. The charges were filed in an attempt to further harass and retaliate against plaintiff for the exercise of her First Amendment Rights and in an attempt to cover up and support their prior retaliation and malicious actions.

33. In order to perpetuate the harassment and retaliation against plaintiff the defendants engaged in the following acts, among others:

    i.      Unlawfully obtaining plaintiff's cell phone records;

    ii.     Unlawfully obtaining plaintiff's email records;

    iii.    Following plaintiff;

    iv.    Stalking plaintiff;

    v.    Making false allegations regarding plaintiff's physical condition and ailments;

34. Upon information and belief the defendants engaged in an email campaign designed to retaliate against plaintiff, intimidate and harass her, and manufacture a criminal and ethics case against her.

35. The ethics charges are currently pending before the Office of State Ethics.

36. Defendant Jones has led the ethics complaint against plaintiff, amending that complaint on at least one occasion, alleging that plaintiff used state resources, including the email system, for personal gain.

37. Jones was provided documents, including emails, which clearly indicate that plaintiff was selectively prosecuted for the alleged ethical violations when compared to other similarly situated UCHC employees who engaged in similar conduct, but were not prosecuted.

38. Upon information and belief, UCHC did not have a policy regarding email usage during the time plaintiff is alleged to have violated ethical provisions.

39. Nonetheless, plaintiff did not violate any policy at any time.

40. Upon information and belief, defendant Morrissey has gone so far as to contact associates of the plaintiff and inform those associates that plaintiff is a criminal and that he, Morrissey, would get plaintiff.

41. Plaintiff was subjected to selective prosecution as a result of her exercising her First Amendment rights and because of Jones and Morrissey's malicious and/or bad faith intent to injury plaintiff.

42. The acts of all the named defendants were done with intent, wantonness, and malicious ill will.

43. As a result of the above plaintiff has suffered and continues to suffer severe emotional pain and distress, humiliation and indignity over what was done to her name and the blatant misrepresentation of who she is and how she has conducted herself in life. Plaintiff also suffered economic loss.

44. Plaintiff seeks the following relief:

    i.   Compensatory damages;

    ii.  Punitive damages;

    iii. Costs;

    iv.  Attorney's fees;

    v.   And any and all further relief that this Court deems just and equitable.

45. Plaintiff claims trial by jury.

                                                  THE PLAINTIFF, PRISCILLA DICKMAN,

By:   /s/ John F. Geida /s/
      John F. Geida, Esq.
      Fed. Bar # ct 27468
      The Law Offices of Norman A. Pattis, LLC
      649 Amity Road
      Bethany, CT 06524
      T. 203-393-3017
      F. 203-393-3017