## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| PRISCILLA DICKMAN<br>   *Plaintiff*, | : CASE NO. 3:08CV00588(CFD)<br>:<br>: |
| v. | :<br>: |
| FELICIANO DIAS, KAREN DUFFY-WALLACE,<br>MARGERET SWETS, BRIAN EATON,<br>JOAN MAZZONE, GARY LOOMIS,<br>IRENE KOWALSKI, THOMAS JONES,<br>MICHAELMORRISSEY, and<br>UNIVERSITY OF CONNECTICUT<br>HEALTH CENTER<br>   *Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: JULY 29, 2009 |

## **ANSWER AND AFFIRMATIVE DEFENSES**

1. Paragraph 1 is denied.

2. As to paragraphs 2 and 3, plaintiff is left to her proof.

3. The defendants admit that plaintiff is a female, over the age of forty, residing in Coventry, and leave her to her proof as to the remainder of paragraph 4.

4. As to paragraphs 5 through 13, defendants admit their employment and employment positions and deny the remainder of the first sentences. As to the references to the defendants being named in their individual capacities, plaintiff is left to her proof.

5. As to paragraph 14, plaintiff is left to her proof.

6. Paragraph 15 is denied as unintelligible.

7. As to Paragraph 16, defendants admit that plaintiff was injured in 1979 and deny the remainder of the paragraph insofar as it improperly states a legal conclusion.

8. As to Paragraph 17, plaintiff is left to her proof.

9. The defendants admit paragraph 18 except that she served as a union official during part of her tenure at UCHC.

10. Paragraph 19 is denied.

11. As to paragraph 20, plaintiff is left to her proof that she fell at work. The remainder of that paragraph is denied.

12. Paragraph 21 is denied.

13. Paragraph 22 is denied.

14. Paragraph 23 is denied.

15. As to Paragraph 24, plaintiff is left to her proof

16. Paragraph 25 is denied.

17. Paragraph 26 is admitted.

18. Paragraph 27 is denied.

19. Paragraph 28 is denied.

20. As to paragraph 29, defendants admit that "in March 2007, Plaintiff was arrested and charged with various counts of fraud relating to workers' compensation." The remainder of paragraph 29 is denied.

21. Paragraph 30 is admitted.

22. Paragraphs 31, 32, 33 and 34 are denied.

23. Paragraph 35 is admitted.

24. As to paragraph 36, the defendant Jones admits that a complaint was filed against plaintiff by the Office of State Ethics and that he signed the complaint. Additionally, he admits that the Complaint was amended once and that the complaint alleges that plaintiff used state resources, including the email system, for personal gain in

violation of the Ethics Code for public officials.  As to the remainder of paragraph 36, plaintiff is left to her proof.

25.  As to paragraph 37, the defendant Jones admits that he was provided documents, including emails, and he denies the remainder of paragraph 37.

26.  Paragraphs 38 and 39 are denied.

27.  As to paragraph 40, the defendant Morrisey contacted individuals in the course of investigating allegations of the ethics complaint.  The defendants admit that plaintiff was previously convicted of misdemeanor forgery.  The defendants deny the remainder of paragraph 40.

28.  Paragraphs 41, 42, and 43 are denied.

29.  As to paragraphs 44 and 45, plaintiff is left to her proof.

## **AFFIRMATIVE DEFENSES**

The defendant raises the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The plaintiff fails to state a valid claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Eleventh Amendment bars all or some of the plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

The individual defendants are entitled to qualified immunity because at all times they were exercising discretionary authority and acting in good faith.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution and/or the Doctrine of Sovereign Immunity.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by Conn. Gen. Stat. § 4-165.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate her damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

### EIGHTH AFFIRMATIVE DEFENSE

Some of the discrete acts the plaintiff alleges are barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

As to defendants Morrissey and Jones, the Court lacks personal jurisdictions due to lack of proper service of process.

### TENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the defendant University of Connecticut Health Center due to lack of proper service of process.

### ELEVENTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over defendant Mazzone due to the lack of service of process.

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: _____
Jane B. Emons
Assistant Attorney General
Federal Bar # ct16515
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-mail: Jane.Emons@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing Answer and Affirmative Defenses was mailed on this 29th day of July, 2009, first class postage prepaid, to:

Norman A. Pattis, Esq.
John F. Geida, Esq.
Law Offices of Norman A. Pattis
649 Amity Rd, P. O. Box 280
Bethany , CT 06524

_____
Jane B. Emons
Assistant Attorney General

5